IN RICHMOND SUPERIOR COURT, JULY, 1832.

ANDREW J. MILLER *vs.* SAMUEL HALE, and GEORGE W. BUTLER, Executors of JOHN BURTON deceased.

*Assumpsit, on appeal from Court of Common Pleas and motion for New Trial.*

RICHMOND, July, 1832.

MILLER *v.* HALE and Another, Executors of BURTON.

*Where a person is manifestly interested in the event of a suit he is incompetent as a witness.*

THE defendants are sued for the amount of two notes, of which the following are copies. " Augusta, April 10th, 1828. " Twelve months after date, I promise to pay to A. J. Miller, " Esqr. or order, ninety dollars for value received. Daniel " S. Roman." " Due A. J. Miller thirty dollars borrowed " money. February 21st, 1829. Daniel S. Roman."

Upon an averment that a copartnership had existed between Roman and Burton, the testator, these defendants as his representatives are sued in a several action, according to the provisions of " an act pointing out the mode of collecting a certain description of debts therein mentioned ;" Prince's Dig. 229, and the copartnership is denied by the defendants. At the trial Daniel S. Roman was offered as a witness to prove the copartnership and was rejected by the court as incompetent. The plaintiff having no evidence to prove the copartnership, took a verdict against himself, and now moves for a new trial upon the ground of an alleged error in the rejection of the witness. The following release was executed by the plaintiff and tendered to the witness. " Andrew J. " Miller *vs.* Samuel Hale and George W. Butler, Executors " of John Burton. Assumpsit. In the court of Common " Pleas for the city of Augusta, Georgia. I do hereby release " and discharge the said Daniel S. Roman, his heirs, execu- " tors and administrators from all and all manner of cause and " causes of action which I the said Andrew J. Miller against " the said Daniel S. Roman ever had, now have, or may here- " after have against him individually (and not jointly with " John Burton,) by reason of any matter, cause, or thing " arising out of, or connected with or relating to the transac- " tions which are the cause of action whereupon the said suit " was commenced and is still prosecuted against the said de- " fendants as executors of John Burton deceased. In testi- " mony whereof, I have hereunto set my hand and seal, this " twenty-ninth day of March, A. D. 1831. A. G. Miller.

(SEAL.)"

There are two questions raised for the determination of the court. 1st. Was the witness competent without the release ? 2d. If incompetent, will the release restore his competency ?

That he was incompetent without the release is very plain. Upon these notes Roman was certainly liable either as an individual, or as a copartner with Burton, the testator. He

RICHMOND,
July, 1832.

MILLER
v.
HALE and An-
other, Execu-
tors of BURTON.

was therefore directly interested in the evidence he was called to give, to make the executors of Burton equally liable with himself : For should the plaintiff fail, he, Roman, would be still responsible for the amount of the notes ; but should the plaintiff succeed, then Roman would have a right to a contribution from the defendants. Brown v. Brown, 4 Taunt. 752.

Let us then see what effect the release has produced upon his interest. A very slight examination will show that it has produced no effect whatever ; and that the exception in it, of Roman's joint liability with Burton, the testator, has to all legal intents, left Roman just as he was before the release was executed. If the copartnership ever existed, as it is averred in the declaration, and as the witness is ready to prove, then Roman is responsible, as survivor, for the whole debt, notwithstanding the release, and has precisely the same interest in dividing the responsibility as if the release had never been executed ; for if the plaintiff succeed, Roman will have a right to contribution from the defendants ; but if the plaintiff fail, Roman will be still liable for the whole debt. A new trial is refused.